```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
LORENA ABARZA RIOS, on behalf of herself and       :
all others similarly situated,                      :
                                                    :
                           Plaintiff,               :
                                                    :          **CLASS AND**
         -against-                                  :      **COLLECTIVE ACTION**
                                                    :          **COMPLAINT**
                                                    :
SPIRIT PHARMACEUTICALS LLC,                         :
                                                    :
                           Defendant.               :
------------------------------------------------------------------- X
```

Plaintiff Lorena Abarza Rios ("Plaintiff" or "Abarza"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC, complaining of Defendant Spirit Pharmaceuticals LLC ("Defendant" or "Spirit Pharmaceuticals"), alleges:

**NATURE OF THE COMPLAINT**

1. Abarza and other workers at Spirit Pharmaceuticals, a pharmaceutical company that manufactures and distributes over one hundred over-the-counter drug products, worked up to seventy-nine hours per week at Defendant's manufacturing and distribution facility but were paid on a straight-time basis that failed to compensate them with overtime pay at a rate of 1.5 times their regular hourly rates for hours worked over forty each workweek. Defendant also failed to provide Abarza and other workers with: (1) spread-of-hours pay when they worked shifts spanning over ten hours, (2) wage notices at their time of hiring and when their wage rates changed, and (3) accurate wage statements with each payment of wages. Defendant at times failed to pay Abarza other workers for all hours worked and failed to make timely payment of their wages.

2. Abarza brings this action on behalf of herself and all similarly situated non-managerial facility employees (the "Facility Workers") seeking declaratory and

injunctive relief and to recover unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because the events giving rise to Abarza's claims occurred at Spirit Pharmaceuticals, which is located and operated by Defendant in the Eastern District of New York.

## THE PARTIES

**Plaintiff Lorena Abarza Rios**

5. Lorena Abarza Rios resides in Suffolk County, New York.

6. Defendant employed Abarza as a machine operator from approximately July 13, 2019 through January 4, 2023.

**Defendant Spirit Pharmaceuticals LLC.**

7. Defendant Spirit Pharmaceuticals LLC is a New York limited liability pharmaceutical manufacturing, marketing and distribution company with a principal place of business and manufacturing and distribution facility located at 2004-02 Orville Drive North, Ronkonkoma, New York 11779 (the "Ronkonkoma Facility").

8. Spirit Pharmaceuticals was established in 2003 and advertises itself as an innovator, developer, manufacturer, and distributor of exclusive over-the-counter drug product options. *See* http://spiritpharma.com/about-us/ (last accessed May 9, 2023).

9. Spirit Pharmaceutical employs approximately 300 Facility Workers at the Ronkonkoma Facility.

10. Spirit Pharmaceuticals is an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Spirit Pharmaceuticals has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produces for interstate commerce by any person.

12. In each of the three years preceding the filing of this Complaint, Spirit Pharmaceuticals' annual gross volume of sales exceeded $500,000.

## FACTUAL ALLEGATIONS

13. Abarza worked as a packager and machine operator throughout her employment at Spirit Pharmaceuticals.

14. Abarza was responsible for pulling pill pallets, placing them on the line, running the pallets through a machine, and wrapping pallets.

15. Abarza performed other tasks at Spirit Pharmaceuticals as assigned by Defendant.

16. From approximately July 2019 through September 2019, Abarza regularly worked eight and one-half-hour shifts, from 6:00 a.m. to 2:30 p.m., two days per week (Saturday and Sunday), totaling approximately seventeen hours per workweek.

17. From approximately October 2019 through November 2019, Abarza regularly worked fifteen-hour and forty-five-minute double-shifts, from 10:45 p.m. to

2:30 p.m. (next day), five days per week (Monday through Friday), totaling approximately seventy-nine hours per workweek.

18. From approximately December 2019 through April 2022, with the exception of approximately two months from mid-March 2020 through May 26, 2020 when she did not work as a result of the Covid 19 pandemic, Abarza regularly worked eight and one-half hour shifts, from 6:00 a.m. to 2:30 p.m., seven days per week, totaling approximately fifty-nine and one-half hours per workweek.

19. From approximately May 2022 through the end of her employment, Abarza regularly worked eight and one-half hour shifts, from 6:00 a.m. to 2:30 p.m., five days per week (Monday through Friday), totaling approximately forty-two and one-half hours per workweek.

20. From approximately June 2019 through December 2019, Defendant paid Abarza $12 per hour worked, including hours over forty per workweek.

21. From approximately January 2020 through December 2020, Defendant paid Abarza $13 per hour worked, including hours over forty per workweek.

22. From approximately January 2021 through December 2021, Defendant paid Abarza $14 per hour worked, including hours over forty per workweek.

23. From approximately January 2022 through the end of her employment, Defendant paid Abarza $15 per hour worked, including hours over forty per workweek.

24. Defendant did not provide Abarza with spread-of-hours pay when she worked shifts spanning over ten hours.

25. Prior to approximately January 2020, Defendant did not maintain a punch system to record hours worked by Abarza and other Facility Workers and sometimes "shaved time" with respect to the payment of Abarza's wages (*i.e.*, failed to pay Abarza wages for all the hours she worked) during this period.

26. Defendant began using a punch system to record hours worked by Plaintiff and other Facility Workers in approximately January 2020.

27. After the punch system was installed, Defendant instructed Abarza and other Facility Workers not to punch in and out for shifts worked on the weekends.

28. Defendant also rounded times punched by workers to the nearest half hour for purposes of wage payments, thereby failing to pay Abarza and other Facility Workers wages for all hours worked.

29. Defendant regularly paid Abarza's and other Facility Workers' wages for the weekend shifts by separate check at their regular hourly wage rates.

30. At points during her employment, Defendant paid Abarza's and other Facility Workers' wages on a biweekly basis (*i.e.*, once every two weeks).

31. Defendant did not provide Abarza with a wage notice at her time of hire or when her wage rate changed.

32. Defendant did not provide Abarza with accurate wage statements accompanying each payment of wages.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and all similarly situated non-managerial facility workers who have worked for Spirit Pharmaceuticals within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

34. The FLSA Collective consists of approximately three hundred workers who have been victims of Defendant's common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying the FLSA Collective overtime pay.

35. Plaintiff and the FLSA Collective have worked over forty hours per workweek, have performed virtually the same duties, were paid on an hourly basis, and

have been subjected to the Defendant's common unlawful pay policies and practices depriving them of overtime pay at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

36. Defendant intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in patterns, practices, and policies violating the FLSA, including but not limited to: (1) failing to pay the FLSA Collective for all hours worked per workweek; (2) failing to pay the FLSA Collective overtime wages for hours worked over forty per workweek; and (3) failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA.

37. Defendant engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

38. Defendant is aware or should have been aware that the FLSA required them to pay the employees an overtime premium for hours worked in excess of forty per workweek.

39. Defendant's wage payment practices were previously the subject federal litigation. *See Gibbings v. Spirit Pharmaceuticals LLC et al.*, No. 2:18 Civ. 2948 (E.D.N.Y.).

40. Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

41. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated employees can be readily identified and located through Defendant's records. The similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

# CLASS ACTION ALLEGATIONS

42. The claims in this Complaint arising out of the NYLL are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class consisting of all similarly situated non-managerial facility workers who work or have worked for Spirit Pharmaceuticals in the six years prior to the commencement of this Action (the "Rule 23 Class").

43. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

44. The size of the Rule 23 Class is at least four hundred individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

45. Defendant has acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

46. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

   a. Whether Defendant violated the NYLL and supporting regulations with respect to compensation of the Rule 23 Class as alleged herein;

   b. Whether Defendant maintained accurate records of hours worked and pay received by the Rule 23 Class as required by the NYLL;

   c. Whether Defendant failed to pay minimum wages to the Rule 23 Class for all hours worked up to forty per workweek, as required by the NYLL;

   d. Whether Defendant failed to pay overtime wages to the Rule 23 Class for hours worked in excess of forty per workweek, as required by the NYLL;

   e. Whether Defendant failed to provide Plaintiff and the Rule 23 Class with wage notices and accurate wage statements as required by the NYLL and WTPA;

  f. Whether Defendant failed to pay Plaintiff and the Rule 23 Class on a timely basis as required by NYLL § 1919(1)(a); and

  g. Whether Plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

47. Plaintiff's claims are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendant at various times within the applicable statutory period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

48. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

49. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

50. Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

51. There is no conflict between Plaintiff and the Rule 23 Class members.

52. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Rule 23 Class members lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to

recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

53. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(NYLL – Unpaid Minimum Wages)**

54. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

55. Defendant is an employer within the meaning of NYLL §§ 190(3), 651(6), and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff and the Rule 23 Class.

56. The NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.1, require employers to pay employees at least the minimum wage for each hour work up to forty per workweek.

57. As a result of Defendant's time shaving practices as described herein, Defendant failed to pay Plaintiff and the Rule 23 Class the minimum wages to which they were entitled under the NYLL.

58. Defendant willfully violated the NYLL by failing to pay Plaintiff and the Rule 23 Class minimum wages.

59. As a result of Defendant's violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

60. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

61. Defendant is an employer within the meaning of 29 U.S.C. § 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

62. Defendant was required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly wage rates for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

63. Defendant failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

64. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective the proper overtime wage rate.

65. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

66. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## THIRD CLAIM
### (NYLL – Unpaid Overtime Wages)

67. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

68. Under the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.2, Defendant was required to pay Plaintiff and the Rule 23 Class one and one-half (1 ½) times their regular rates of pay for all hours worked over forty per workweek.

69. Defendant failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL and its supporting regulations.

70. Defendant willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

71. As a result of Defendant's willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

72. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

73. Defendant willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 142-2.4.

74. As a result of Defendant's willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FIFTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

75. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

76. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

77. In violation of NYLL § 195(1), Defendant failed to furnish Plaintiff and the Rule 23 Class at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

78. As a result of Defendant's violations of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

### SIXTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Statements)

79. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

80. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

81. Defendant failed to provide Plaintiff and the Rule 23 Class with a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

82. As a result of Defendant's violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-d).

## SEVENTH CLAIM
### (NYLL § 191 – Frequency of Payments)

83. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

84. Plaintiff and the Rule 23 Class spent more than 25% of their working time performing work tasks that were physical in nature.

85. Plaintiff and the Rule 23 Class are "manual workers" within the meaning of the NYLL § 191(1)(a)(i).

86. Defendant was required to pay Plaintiff and the Rule 23 Class their wages on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned." NYLL § 191(1)(a).

87. At points during their employment, Defendant paid Plaintiff and the Rule 23 Class their wages later than seven calendar days after the end of the week in which the wages were earned in violation of NYLL § 191(1)(a).

88. As a result, Plaintiff and the Rule 23 Class are entitled to recover liquidated damages equal to the full amount of the wages paid later than seven days after the end of the workweek during which the wages were earned.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

    a. certify this case as a collective action on behalf of the FLSA Collective described herein and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all prospective members of the FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. certify this case as a class action pursuant to Rule 23 for the Rule 23 Class described herein, certify Plaintiff as the representative of the Rule 23 Class, and designate Plaintiff's counsel as Class Counsel;

c. declare that Defendant has violated the overtime wage provisions of the FLSA, NYLL, and supporting regulations;

d. declare that Defendant has violated the minimum wage spread-of-hours provisions of the NYLL and supporting regulations;

e. declare that Defendant has violated the wage notice and wage statement provisions of the NYLL's WTPA;

f. declare that Defendant's violations of the FLSA and NYLL were willful;

g. enjoin and permanently restrain Defendant from further violations of the FLSA and NYLL;

h. award Plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid minimum and overtime wages;

i. award Plaintiff and the Rule 23 Class damages for unpaid spread-of-hours pay;

j. award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

k. award Plaintiff and the Rule 23 Class statutory damages as a result of Defendant's failure to furnish wage notices and wage statements pursuant to the NYLL's WTPA;

l. award Plaintiff, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the NYLL;

m.      award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

n.      award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       May 16, 2023

                                              PECHMAN LAW GROUP PLLC

                                              By: */s/ Louis Pechman*
                                                    Louis Pechman
                                                    Galen C. Baynes
                                                    Camille A. Sanchez
                                                    488 Madison Avenue, 17th Floor
                                                    New York, New York 10022
                                                    Tel.: (212) 583-9500
                                                    pechman@pechmanlaw.com
                                                    baynes@pechmanlaw.com
                                                    sanchez@pechmanlaw.com
                                                    *Attorneys for Plaintiff*